UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY MAESTAS, | No. 2:23-cv-0030 AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| RCCC, | |
| Defendant. | |

Plaintiff, a former county and current state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. By order filed June 21, 2023, the undersigned screened the complaint and found that it did not state a claim for relief. ECF No. 7. Plaintiff was given an opportunity to amend, and has now filed a first amended complaint. ECF No. 10.

I.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

II.     First Amended Complaint

The first amended complaint once again alleges that defendant Rio Cosumnes Correctional Center (RCCC) violated plaintiff's Eighth Amendment rights[1] by failing to provide him with appropriate medical care. ECF No. 10. Plaintiff generally alleges that he has been denied adequate medical care, and that doctors asked officers why they did not bring plaintiff to the hospital right away and to take him to surgery immediately. Id. at 3-5.

III.    Failure to State a Claim

While "municipalities and other local government units . . . [are] among those persons to whom § 1983 applies," Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978), "a municipality can be liable under § 1983 only where its policies are the 'moving force [behind] the constitutional violation,'" City of Canton v. Harris, 489 U.S. 378, 389 (1989) (alteration in original) (quoting Monell, 436 U.S. at 694 and Polk County v. Dodson, 454 U.S. 312, 326 (1981)). There must be "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." Id. at 385.

Despite being advised of the requirements for stating a claim against RCCC, plaintiff once again fails to state facts showing that any RCCC custom or policy caused the denial of adequate medical care and therefore fails to state a claim against the sole defendant. Plaintiff was also advised in the prior screening order that if he sought to allege individuals had violated his rights he needed to identify and name such individuals as defendants. However, he has once again named only RCCC as a defendant.

Finally, "to maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's

---

[1] In screening the original complaint, the court noted that plaintiff did not specify whether he was a pretrial detainee or convicted prisoner at the time of his incarceration at the jail, so it was unclear whether the Eighth or Fourteenth Amendment governed his claims. ECF No. 7 at 4 n.1. Although the amended complaint once again does not specify whether he was a pretrial detainee or a convicted prisoner, plaintiff explicitly alleges a violation of his Eighth Amendment rights. ECF No. 10 at 3-5.

condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Id. (some internal quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)). Plaintiff's conclusory assertions of inadequate medical care and vague allegations regarding a delayed surgery are insufficient to establish his Eighth Amendment rights were violated.

IV.     No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

The undersigned finds that, as set forth above, the complaint fails to state a claim upon which relief may be granted. Plaintiff has already been given an opportunity to amend the complaint and advised what kind of information he needed to provide. Given that plaintiff has not provided any additional facts, it does not appear that further amendment would result in a cognizable claim. As a result, leave to amend would be futile and the complaint should be dismissed without leave to amend.

V.     Plain Language Summary of this Order for a Pro Se Litigant

It is being recommended that your first amended complaint be dismissed without leave to amend because you have not alleged any facts showing that your rights were violated as a result of RCCC's policies or customs.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that the first amended complaint be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days

after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 27, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE